**FILED**
1/15/2013
NP
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
N.P.
DEC 21 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Sam Harmon | ) | |
|     Plaintiff | ) | |
| | ) | |
| V. | ) | 12cv10237 |
| | ) | Judge Grady |
| CLIENT SERVICES INC. | ) | Mag. Judge Gilbert |
| | ) | |
|     Defendant | ) | |
| | ) | **Trial by Jury Demanded** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Sam Harmon III, a natural person, who resides in Cook County, Illinois.

4. The Defendant in this lawsuit is Client Services, Inc., (hereinafter "CSI") an unknown entity with offices at 3451 Harry S. Truman Blvd. St. Charles, MO. 63301.

### VENUE

5. The occurrences which give rise to this action occurred in Cook County, Illinois and Plaintiff resides in Cook County, Illinois.

6. Venue is proper in the Northern District of Illinois.

## GENERAL ALLEGATIONS

7.  Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8.  Plaintiff found after examination of his Experian consumer credit report that Defendant "CSI" had obtained Plaintiff's Experian consumer credit report in **Jan of 2011, and May of 2011.**

9.  Discovery of violation brought forth herein occurred in October 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT CLIENT SERVICES Inc.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Client Services Inc.

17. In **Jan of 2011, and May of 2011,** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Plaintiff had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

18. Plaintiff sent a notice to Client Services Inc. of their violation of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff was not able to settle this matter with defendant prior to litigation.

19. At no time did Plaintiff give his consent for Client Services Inc. to acquire his consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has Client Services Inc. ever provided any valid justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Client Services Inc. for statutory damages of $2,000, any attorney's fees, and costs pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a)

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 21st day of December, 2012

Sam Harmon III

3216 186th St.

Homewood, Illinois 60430